Brenda JONES, individually and on behalf of all others similarly situated

v.

NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY.

**Appeal of Brenda Jones.**

Superior Court of Pennsylvania.

Argued Feb. 23, 2010.

Filed May 24, 2010.

Thomas Martin and Thomas M. Marrone, Philadelphia, for appellant.

Guillermo E. Sylianteng, Blue Bell, for Liberty Mutual, appellee.

Michael R. Nelson, Blue Bell, for Nationwide, appellee.

BEFORE: BOWES, OLSON and FITZGERALD,[*] JJ.

OPINION BY OLSON, J.:

¶ 1 In this class action case, Appellant Brenda Jones[1] appeals from the order entered on October 17, 2008, granting preliminary objections in the nature of a demurrer filed by Appellee Nationwide Property and Casualty Insurance Company (Nationwide). We affirm.

¶ 2 The facts of the case, as set forth in the complaint, are as follows. On December 10, 2005, Appellant was involved in an auto accident with another driver. Appellant held collision insurance, issued by Nationwide, with a $500.00 deductible. Nationwide paid Appellant the amount of her loss, minus the $500.00 deductible. Nationwide then pursued a subrogation action against the other driver. Nationwide received an amount greater than $500.00, but

---

[*] Retired Justice specially assigned to the Superior Court.

1. Appellant acts on behalf of herself and as representative of a class. For simplicity, we will refer to Appellant as if this were an individual action.

less than the amount Nationwide had already paid to Appellant.

¶ 3 Pursuant to Insurance Department regulations, 31 Pa.Code § 146.8(c),[2] Nationwide did not reimburse Appellant the full amount of her deductible, but rather a *pro rata* share. In this case, the amount Appellant received was $450.00.[3]

¶ 4 Appellant filed a class action complaint, alleging that Nationwide's policy and practice of reimbursing only a *pro rata* share of the deductible constituted breach of contract, bad faith, conversion, and unjust enrichment. Appellant also sought an injunction to stop the practice.

¶ 5 Nationwide filed preliminary objections in the nature of a demurrer. Nationwide argued that the complaint failed to state a claim because Nationwide's reimbursement scheme was consistent with the language of Appellant's policy, and with Pennsylvania law; most specifically, 31 Pa. Code § 146.8(c). In response, Appellant argued, *inter alia*, that 31 Pa.Code § 146.8(c) is void because the Insurance Department had no authority to promulgate it. On October 17, 2008, the trial court granted Nationwide's preliminary objections without issuing an opinion. This appeal followed.

¶ 6 On May 29, 2009, the trial court directed Appellant to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925. Appellant filed a timely concise statement. On August 13, 2009, the trial court issued its Rule 1925 opinion. The court, *sua sponte* and without any prior briefing from the parties, declared that the complaint should be dismissed because Appellant failed to exhaust administrative remedies prior to bringing suit. The court reasoned that if Appellant wished to challenge the authority of the Insurance Department to promulgate a regulation, she should first proceed through the administrative remedies of the Unfair Insurance Practices Act, 40 P.S.A. § 1171.1 *et seq.* (UIPA). The court also noted in passing that according to a recent federal district court decision, the regulation at issue was lawful. *Harnick v. State Farm Mut. Ins. Co.*, 2009 U.S. Dist. LEXIS 43126 (E.D.Pa. Mar. 6, 2009). Appellant, not having anticipated the trial court's invocation of the exhaustion doctrine, filed a supplemental concise statement challenging that ruling. The trial court did not file a supplemental Rule 1925 opinion.

¶ 7 Appellant raises the following issues on appeal:

2. The Code states:
   § 146.8. **Standards for prompt, fair and equitable settlements applicable to automobile insurance**
   (c) Insurers shall, upon the request of the claimant, include the first-party claimant's deductible, if any, in subrogation demands. Subrogation recoveries shall be shared on a proportionate basis with the first-party claimant, unless the deductible amount has been otherwise recovered. A deduction for expenses can not be made from the deductible recovery unless an outside attorney is retained to collect the recovery. The deduction may then be for only a pro rata share of the allocated loss adjustment expense.

3. These proportional calculations take place during the subrogation proceedings. One proportionality scenario arises when the plaintiff's insurer and the third-party driver's insurer determine that each driver was proportionally at fault for the accident. This is, however, not necessarily the only scenario in which proportionality comes into play. In the instant case, the reason for the proportional payment is not made clear from the record. In any event, we presume that Nationwide received from the tortfeasor only 90% of what it had already paid to Appellant, because 450/500 = 90%.

1. Does the exhaustion doctrine apply where, as here, the statute in question—Pennsylvania's Unfair Insurance Practices Act ("UIPA")—does not contain any civil remedy or an administrative proceeding for an insured to pursue in the event of an underpayment?
2. Does the doctrine of exhaustion apply where, as here, plaintiff challenges the constitutionality of the insurance regulation at issue?
3. Does Pennsylvania law require that a party suffering damages be made whole before an insurer is entitled to subrogation?
4. Does the Pennsylvania Insurance Commissioner have the authority to promulgate a regulation regarding allocation of subrogation proceeds between an insurance company and its insured following subrogation recovery?
5. Is the Pennsylvania Insurance Commissioner's regulation allowing insurers to allocate subrogation proceeds on a *pro rata* basis void because it violates Pennsylvania substantive common law, the "made whole" doctrine?

Appellant's Brief at 1–2.[4]

[1] ¶ 8 In her first two issues, Appellant contends that the trial court erred as a matter of law when it dismissed her complaint on the basis of lack of jurisdiction for failure to exhaust administrative remedies under the UIPA. We agree.

¶ 9 The purpose of the UIPA is

to regulate trade practices in the business of insurance in accordance with the intent of congress ... by defining or providing for the determination of all such practices in this state which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined.

40 P.S.A. § 1171.2. Thus, "[n]o person shall engage in this state in trade practice which is defined or determined to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance pursuant to [the UIPA]." 40 P.S.A. § 1171.4. These statutory provisions are enforced by the Pennsylvania Insurance Commissioner who is empowered "to examine and investigate the affairs of every person engaged in the business of insurance in this state" to determine whether the UIPA has been violated. 40 P.S.A. § 1171.7. If, after an investigation, the Insurance Commissioner has a good faith belief that a person has violated the UIPA, an administrative hearing is to be held before the Commissioner. If the Commissioner determines that a violation occurred, he may impose sanctions, including a cease and desist order or the suspension or revocation of the person's license. 40 P.S.A. § 1171.9. The Commissioner may also seek civil penalties. 40 P.S.A. § 1171.11.

¶ 10 The UIPA does not create a private cause of action. *Cresswell v. Pa. Natl. Mutual Cas. Ins. Co.*, 820 A.2d 172, 180, n. 4 (Pa.Super.2003). Thus, claims for a direct violation of the UIPA must be brought by the Insurance Commissioner. Yet, as this Court has held, the UIPA does not vest exclusive jurisdiction in the Insurance Commissioner in all cases. *Pekular v. Eich*, 355 Pa.Super. 276, 513 A.2d 427 (1986). Indeed, common law claims for such things as fraud and deceit and claims for violations of consumer protection laws may be brought by an aggrieved consumer. *Id.* Moreover, conduct which constitutes a violation of the UIPA may be

4. Appellants adequately preserved these issues for appeal under Pa.R.A.P. 1925.

considered in determining whether an insurer acted in "bad faith" under 42 Pa. C.S.A. § 8371. *O'Donnell v. Allstate Ins. Co.*, 734 A.2d 901 (Pa.Super.1999).

¶ 11 In this case, Appellant did not allege that Nationwide violated the UIPA. In fact, there is no mention of the UIPA in Appellant's complaint. Instead, Appellant's class action complaint alleged that Nationwide's practice of reimbursing its insureds' deductibles on a *pro rata* basis following subrogation recoveries is a breach of the insurance contracts or, alternatively, unjust enrichment, is a conversion, and amounts to bad faith under 42 Pa.C.S.A. § 8371. In reply to these allegations, Nationwide filed preliminary objections in the nature of a demurrer in which the UIPA was first raised. Specifically, Nationwide asserted that "Pennsylvania insurance regulations expressly direct that '[s]ubrogation recoveries shall be shared [by automobile insurers] on a proportionate basis with the first-party claimant, unless the deductible amount has been otherwise recovered.' 31 Pa.Code § 146.8(c)." Preliminary Objections, ¶ 34. Thus, "Nationwide's alleged practice of pro-rating the return of deductibles following a subrogation recovery is entirely consistent with this regulation, which was enacted by the Insurance Commissioner under its 'statutory power and duty to enforce the [UIPA].'" *Id.* at ¶ 35. The UIPA was not asserted by Appellant as a basis for relief but was asserted by Nationwide as a defense to Appellant's claims. Appellant's common law and statutory claims for breach of contract, conversion, bad faith and unjust enrichment were properly brought in the trial court and the trial court erred in dismissing the complaint on the basis of lack of jurisdiction. However, even though the trial court erred in this respect, we nevertheless affirm because Appellant's underlying claims are substantively meritless.[5]

■■■ ¶ 12 In its preliminary objections in the nature of a demurrer, Nationwide argued that all of Appellant's claims must be dismissed as a matter of law since no viable cause of action exists. We agree.

■■■ ¶ 13 We undertook our analysis of this issue pursuant to a familiar standard of review:

> A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.

*Strausser v. PRAMCO, III,* 944 A.2d 761, 764–765 (Pa.Super.2008), *quoting Excavation Technologies, Inc. v. Columbia Gas Company of Pennsylvania,* 936 A.2d 111, 113 (Pa.Super.2007). Thus,

> [t]he court may sustain preliminary objections only when, based on the facts pleaded, it is clear and free from doubt that the complainant will be unable to prove facts legally sufficient to establish a right to relief. For the purpose of evaluating the legal sufficiency of the challenged pleading, the court must accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts.

**5.** *Skiff re Business, Inc. v. Buckingham Ridgeview, LP,* 2010 PA Super 43 n. 9, 991 A.2d 956

(this Court may affirm on an alternative basis from the trial court).

*Mazur v. Trinity Area Sch. Dist.*, 599 Pa. 232, 961 A.2d 96, 101 (2008) (internal citations omitted.) In this case, looking strictly to the four corners of the class action complaint and accepting as true all well-pleaded allegations therein, we conclude that the claims are legally insufficient and would not permit recovery even if the allegations are ultimately proven.

¶ 14 In coming to that conclusion, we rely on *Harnick*, which is directly on point. Like the instant case, *Harnick* is a class action challenging an insurer's practice of repaying only a prorated portion of an insured's deductible under the aegis of section 146.8(c). The *Harnick* plaintiffs, like Appellant, filed a five-count complaint for breach of contract, bad faith, conversion, unjust enrichment, and injunctive relief and argued that: (1) the insurer's reimbursement practice violated the "made whole" doctrine; [6] and (2) section 146.8(c) cannot defeat their claims since this regulation is an invalid exercise of the Insurance Commissioner's authority. Also like the instant case, the insurer filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted.[7]

¶ 15 The *Harnick* Court concluded that section 146.8(c) "fits squarely within the scope of authority delegated [to the Insurance Department] by the General Assembly." *Harnick*, 2009 U.S. Dist. LEXIS 43126 at *5. Next, the Court concluded that "the behavior complained of by the plaintiffs, which is specifically permitted by Pennsylvania's insurance regulations, cannot violate the common law 'made whole' doctrine even assuming that the doctrine would in fact support a claim like that of these plaintiffs." *Id.* at *8. The

Court reasoned that "[b]ecause the behavior does not violate the 'made whole' doctrine, the plaintiffs have failed to state a basis on which the Court could find a breach of the parties' contract." *Id.* Finally, the Court rejected the plaintiffs' remaining claims:

The behavior does not stand as an act of bad faith by the defendant, as asserted in count two, because the defendant acted in reasonable reliance on a valid state insurance regulation. Nor does the complaint state a claim for conversion, as asserted in count three, because under the terms of Insurance Regulation 146.8(c), the plaintiffs were not legally entitled to a full recovery of their insurance deductible. The complaint does not state a claim for unjust enrichment, as asserted in count four, because the defendants were entitled by law to a prorated amount of the deductible. Finally, the complaint's fifth count for injunctive relief fails to state a claim because the defendant's behavior as alleged was permissible under Pennsylvania law.

*Id.* at *10.

¶ 16 We recognize that *Harnick*, as a federal district court case, is not binding on this Court. *Trach v. Fellin*, 817 A.2d 1102, 1115 (Pa.Super.2003) (*en banc*), *appeal denied*, 577 Pa. 725, 847 A.2d 1288 (2004). "[H]owever, we may use [federal precedents] for guidance to the degree we find them useful and not incompatible with Pennsylvania law." *Id.* In the instant case, we conclude that the reasoning of *Harnick* is sound, and hereby adopt it. Based on that reasoning, we affirm the

---

**6.** The "made whole" doctrine "requires that an insured recover the full amount of his losses before his insurer may demand reimbursement for any payments previously made to the insured under an insurance policy." *Harnick*, 2009 U.S. Dist. LEXIS 43126 at *9.

**7.** The insurer in *Harnick* filed its motion under F.R.C.P. 12(b)(6), the federal analogue to Pa.R.C.P. 1028(a)(4).

trial court's order granting preliminary objections in the nature of a demurrer.

¶ 17 Order affirmed.