**Diaz Property Holdings, LLC v. Significa Corp.**

68

*T. Axel Jones,* for plaintiff.
*Michael E. Fiffik,* for defendants.

MILLER, *J.,* January 7, 2011—In early 2009, plaintiff Diaz Property Holdings, LLC, through its manager Anthony Diaz and defendant Significa Corporation, through defendant Concezio Pavone agreed that plaintiff should buy a property, defendant Significa Corp. would renovate it and then plaintiff would sell it for a profit.

The parties found a property in Allentown, Lehigh County, which was listed for sheriff's sale due to a mortgage foreclosure. The mortgagee bought the property at sheriff's sale and subsequently entered into an agreement with defendant Significa who agreed to purchase the property from the mortgagee. Defendant Significa then assigned the successful bid to plaintiff who received a deed to the property from the sheriff of Lehigh County in February of 2009.

Plaintiff and defendant significa then entered into an agreement on May 22, 2009, whereby defendant Significa would manage the renovation of the property in Allentown as long as the total renovation expenses did not exceed

$60,000.00. The agreement further provided, "should the total renovation cost exceed $60,000, then Significa shall pay for every dollar of the renovation over $60,000" (see agreement attached as Exhibit "E" to amended complaint).

In July of 2010, plaintiff filed a complaint against defendant Significa Corporation and Concezio Pavone, individually, alleging numerous counts including breach of contract, unjust enrichment, fraud, fraud in the inducement, fraudulent misrepresentation and punitive damages. Defendant filed preliminary objections to the complaint, we sustained the objections and plaintiff subsequently filed an amended complaint in September.

The amended complaint alleges that sometime in the summer of 2009, plaintiff became unhappy with the progress of the renovations and requested that Significa return his $30,000.00 down payment. The complaint further alleges that Significa returned $22,500.00 to plaintiff retaining $7,500.00 for work that was completed.

Defendant Pavone, individually, has filed preliminary objections in the nature of a demurrer to count I and count II of plaintiff's amended complaint arguing that he, individually, was not a party to any of the agreements with the plaintiff. A close review of the agreements attached to the complaint, including the assignment of bid attached as Exhibit "B" and the renovation agreement, show that plaintiff entered into both of those agreements with Significa Corporation alone. We have also examined the complaint closely and nowhere in counts I or II are there any specific allegations against defendant Pavone individually.

Therefore, we will sustain defendant Pavone's demurrers and dismiss him from counts I and II.

Pavone has also filed a demurrer to count III of the complaint, which is labeled fraud. In count III, plaintiff alleges that Pavone knew that the property would require more that $60,000 for renovations and if plaintiff had known that fact he would not have purchased the property.

A demurrer admits all well-pleaded material facts set forth in the pleadings as well as all reasonable inferences but does not admit conclusions of law. *Mazur v. Trinity Area School District*, 599 Pa. 232, 961 A.2d 96 (2008). If the claim is legally insufficient such that the law will not permit recovery, the court must sustain the demurrer. *Jones v. Nationwide Property and Casualty Ins. Co.*, 995 A.2d 1233 (Pa. Super. 2010). In ruling on a demurrer, the court must resolve all doubts in favor of the nonmoving party; in this case, that is the plaintiff. *Department of Auditor General v. State Employees' Retirement System*, 836 A.2d 1053 (Pa. Cmwlth. 2003).

Defendant argues that count III is barred under the "gist of the action doctrine," which bars tort claims arising solely from a contract between the parties. In reading the complaint closely, the gist of this count is a claim in tort, based on actions independent of the contract between the parties.

The "gist of the action doctrine" prohibits claims for allegedly tortious conduct where the gist of the conduct sounds in contract rather than tort. *Redevelopment Authority of Cambria v. International Ins. Co.*, 685 A.2d 581 (Pa. Super. 1996). One method for determining whether a claim sounds in contract or in tort requires the

court to consider the source of the duties that the defendant allegedly violated. *Phico Ins. Co. v. Presbyterian Med. Servs. Corp.,* 663 A.2d 753 (Pa. Super. 1995). If the plaintiff must rely wholly on the agreement to define the rights that the defendant violated, the claim is generally a contract claim. *Peoples Mortgage Co. v. Federal National Mortgage Ass'n.,* 856 F. Supp. 910 (E.D. Pa. 1994). If the plaintiff must rely on socially imposed duties, on the other hand, the claim sounds in tort. *Phico Ins. Co.,* 663 A.2d at 757.

Upon a close reading of count III of plaintiff's amended complaint, we can infer that the parties to the contract discussed the possibility that the cost of renovations might exceed $60,000. Both paragraph 39(b) of the amended complaint and the contract which is attached to the complaint as Exhibit "C" imply that this discussion took place. Plaintiff, however, also pleads facts which could form the factual basis of a fraud claim in the formation of the contract. At this stage, we must resolve all factual issues in favor of plaintiff. Therefore, we must dismiss defendant Pavone's preliminary objection to count III of plaintiff's amended complaint. Further discovery may resolve any outstanding issues of fact relating to count III.

It is important to reiterate that our ruling here, on defendant Pavone's preliminary objections, is made at an early stage of the case. We only hold that the case before us may proceed on both contract and tort theories of recovery at this time. We will have future decisions to make in this case either at trial or on motions for summary judgment after the facts are more fully developed. It may well be that, when evidence is developed at a later stage, plaintiff's tort claim will not be supported by the facts.

Accordingly, we enter the following order:

## ORDER

And now, January 7, 2011, it is ordered as follows;

1. The motion to strike the amended complaint pursuant to Rule 1028(e) is dismissed.

2. Defendant Concezio Pavone's preliminary objections in the nature of a demurrer to demurrer to counts I and II are sustained.

3. Defendant Concezio Pavone's preliminary objection in the nature of a demurrer to count III is dismissed without prejudice.